THE CONGREGATIONAL CHURCH IN GROTON *v.* BLOOD *& a.*

When a church is divided into several organizations, each claiming to be the original body, and the question of organic succession is tried and decided as a question of fact at the trial term, an error of law may be corrected at the law term; but, on the question of fact, the decision is not subject to appeal.

BILL IN EQUITY, to compel the defendants to deliver to the plaintiffs the communion service, records, and certain funds belong-

ing to the plaintiffs. Facts found by the court. In 1804 or 1805 a Congregational church was organized and established in Groton, which maintained their organization until July, 1878, unquestioned. A meeting of the church was called, to be holden July 27, 1878, at two o'clock in the afternoon, by a notice read from the pulpit by the acting pastor on the Sunday preceding. The meeting was called according to Congregational usage. On the next day (Monday) Blood, one of the defendants and clerk of the church, called a meeting of the church, to be held July 27 at thirty minutes past twelve o'clock in the afternoon, by personal notice to each member residing in town. It had been the custom of this church to call meetings in this way, as well as by notice from the pulpit. At this meeting the defendants, Blood ,and Colburn, the latter being one of the deacons, and three other members, attended. The meeting was duly organized, after which it was voted that it was not expedient to admit new members to the church at that time. It was also voted that there was no objection to the. persons proposed, by reason of their Christian character. These votes were recorded by Blood, the clerk.

The meeting called by notice from the pulpit was held at two o'clock in the afternoon of July 27, at which four persons, members of the church, were present. Only one of the persons present at the first meeting attended this meeting. A clerk *pro tempore* was chosen, and one person admitted to membership in the church. The meeting was adjourned to July 30, 1878, when a clerk was elected in place of Blood. Since that time the organization has been kept up, new members have been admitted from time to time, meetings for religious worship have been held, and the ordinances and sacraments of the church, according to Congregational usage, have been partially observed; but the defendants, and those who acted with them at the meeting of July 27, have taken no part therein, and have not contributed toward the expenses. They have attended church and contributed to the. support of preaching in Hebron.

The plaintiffs tried unsuccessfully to induce the defendants and those who acted with them to join in calling a mutual council to consider their differences. August 20, 1879, the church, at a meeting which none of the defendants attended, voted to call a council; and one was called, agreeably to Congregational usage, and held September 2, 1879. The council requested the defendants to join with the plaintiffs in making the council a mutual one. The defendants refused. The council then proceeded, and recognized the plaintiffs as the Congregational church in Groton.

Blood has the records of the church prior to July 27, 1878, and bank-books representing money given to the church for their benefit. Colburn has the communion-service. A demand for the records, bank-books, and plate was made before this suit was brought. The defendants, claiming to represent the Congrega-

tional church of Groton and entitled to hold them, refused to give them up.

The defendants and those who acted with them have held no meetings in Groton for religious worship, and have not observed the ordinances and sacraments of the church.

The court found, so far as it is a question of fact, that the defendants do not represent the Congregational church in Groton, and are not entitled to hold the records, moneys, or communion-service; and so far as it is a question of law, the court held that the plaintiffs are entitled to the records, moneys, and plate, and that there should be a decree for the plaintiffs.

*Barnard & Barnard*, for the defendants.

*Burleigh & Adams*, for the plaintiffs.

SMITH, J.   If the question, What persons constitute the Congregational church in Groton? is a mere question of fact, it has been settled in favor of the plaintiffs by the finding of the court at the trial term.   If it is a mixed question of law and fact (*Hale* v. *Everett*, 53 N. H. 11, 80, *Holt* v. *Downs*, 58 N. H. 170, 181), we discover no legal error in the finding.

It seems it was customary to call meetings of this church for the transaction of business, either by a notice read from the pulpit on the Sabbath, according to Congregational usage, or by a personal notice to each member residing in town.   A meeting called in either mode would therefore be legally called; and the two meetings held July 27, 1878,—the one at twelve and a half o'clock, and the other at two o'clock,—were legally called.   The action of the latter meeting being inconsistent with that of the former, might perhaps be treated as in effect undoing or repealing the vote that it was inexpedient to admit new members.   Five members attended the first meeting, and four, including one who was present at the first, attended the second meeting.   Whether these eight members were all the church at that time does not appear. For the purposes of this case it may be assumed they were, and that a majority were present at the first meeting.

"Associated bodies are, in fact, generally controlled by majorities.   But the distinction between a society and a majority of its members is not abolished by law; and there is no legal presumption. that a majority are, at all times and places, and all circumstances, the society.   We cannot assume that the church to which the plate was given has no regular method of procedure established for the perpetuation of its existence and the preservation of its identity, or that its constitution is such that a majority of its members, called together by any body, by any means, for any purpose, at any time and place, are the church.   The natural presumption is, that it has expressly or tacitly adopted some regula-

tion or usage on the subject of its organic succession, and that, by its own law, its continuous life is in members maintaining, not an organization in any manner, but its organization in some authorized manner consistent with all things being done decently and in order." *Holt* v. *Downs*, 58 N. H. 170, 181. On the evidence in the case the facts might be inferred to be such as would entitle the plaintiffs to a decree; and no error of law appears.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.