Merrimack, }
Dec., 1898. }

## PINKHAM & a. v. GLOVER & a.

When the question whether the action of certain members constituted a secession from a church organization and a forfeiture of membership rights therein has been determined as one of fact, the decision will not be revised if no error of law appears.

BILL IN EQUITY, to compel the defendants to deliver to the plaintiffs certain property of the Advent Christian Church of Concord. Facts found by the court. The plaintiffs and defendants both claim to be the regularly elected and qualified officers of the church, and as such entitled to the possession of the property. For many years a religious society, called since 1869 the Advent Christian Church of Concord, has worshipped in its church building in Concord. The church records introduced contain a " confession and covenant" signed by the members, a constitution and by-laws purporting to have been adopted February 19, 1890, and what purport to be records of meetings and the annual election of officers to the present time. Article 3 of the constitution is as follows : " The officers of this church shall consist of two elders, two deacons, a secretary, a treasurer, and the Sunday school superintendent, who shall constitute an official board. They shall be elected annually by ballot." One of the by-laws provides that " it shall be the duty of the official board to take charge of the temporal affairs of the church." According to the records, the defendants were elected officers of the church, constituting the official board, at the annual meeting in January, 1897.

Early in 1893, dissension arose in the church and society, and the members became divided into two parties. The subject of dissension was the conduct of the pastor of the church, the then officers and a majority of the church (the defendants in this suit) being opposed to him, while the plaintiffs favored him. Some time prior to the trouble about the pastor, there had been talk among the members, suggested in the first instance by the pastor, that it would be for the advantage of the church to become regularly incorporated under P. S., *c.* 152. In November, articles of incorporation were drawn up and circulated for signature. Forty-two persons signed them, thirty-five of whom were members of the church; twenty of the signers were officers of the church or members of their families. Notice of the proposed incorporation was publicly given from the pulpit, and all persons, whether members of the church or not, who desired to join, were invited to send in their names to the official board. The parties promoting the incorporation did not understand

they were organizing, and did not intend to organize, a new or independent church.　Their purpose was to organize the existing church as a corporation, and to dissolve or abandon the existing organization.　They did not intend that the members of the party which favored the pastor should be invited to join the corporation or should become members, except with the consent of the official board, and supposed that, if the proposed plan of reorganization and dissolution was carried out, their church association with those members, whom they considered not in harmony with them, would be terminated.　The articles of incorporation were duly recorded in the office of the secretary of state, November 23, 1893, but were not recorded in the city clerk's office.　The articles provided that the first meeting of the new corporation should be held on the first Thursday of January, 1894.　On that day a meeting was held, at which only persons who had signed the articles of incorporation were permitted to take part, by-laws were adopted, and officers elected. At this meeting the acting pastor was elected a member of the new corporation, made chairman of the meeting, and chosen as pastor.　No meeting of the organization of 1890 was held on the first Monday of January, 1894, as required by the by-laws as amended, March, 1891.　Some time in January, members of the plaintiffs' party applied to a justice to call a meeting under P. S., c. 148, ss. 16, 17.　A warrant was issued and notice given for a meeting on January 29, 1894.　The defendants' party attended at the time and place of meeting; and as they were plainly in the majority, the plaintiffs refused to proceed with the meeting, and none was held.

January 29, 1894, ten members of the defendants' party then joined in a petition to a justice to call a meeting under said statute.　A warrant was issued, and upon due notice a meeting was held February 21, 1894, and officers and a pastor were elected in accordance with the by-laws.　The warrant for this meeting contained the following article: "4. To see if the church will vote to dissolve its organization."　At the meeting, "on motion, action on article 4 in said warrant was indefinitely postponed." The question covered by the article was not presented or considered at any other meeting.　Shortly prior to the call of this meeting, it was understood that the proposed incorporation was defective for lack of record in the city clerk's office.　Since February 21, 1894, the defendants have continued to act under the organization of 1890, and claim the personal property as the officers of the Advent Christian Church of Concord as then organized.　They make no claim as officers of the proposed incorporation.　No further action was taken in the incorporation proceedings, but the same were abandoned and the records destroyed.　One of the plaintiffs' party protested against proceed-

ings at the meeting of February 21, 1894. Since the meeting for incorporation on the first Thursday of January, 1894, the plaintiffs' party, comprising nineteen members of the church, have claimed that the action of the defendants in relation to the proposed incorporation was a secession from the Advent Christian Church of Concord, as organized in 1890. The defendants have occupied the original church, which is the property of individuals. The plaintiffs have maintained services elsewhere, and have kept up an organization and elected officers. The plaintiffs are the official board under this organization. Delegates from both organizations have been admitted to the state conference of the Advent Christian Church. There is no difference of faith or creed between the parties. So far as it is a question of fact, the court found that the action taken in reference to incorporation of the church was not such a secession from the original church and forfeiture of membership rights therein as to invalidate the meeting of February 21, 1894, called upon petition of the defendants' party. The court ruled that the defendants were the official board of the Advent Christian Church of Concord and ordered the bill dismissed, and the plaintiffs excepted.

*Sargent, Hollis & Niles*, for the plaintiffs.

*Albin, Martin & Howe*, for the defendants.

WALLACE, J. The legal title to the property in controversy is in the "official board" of the Advent Christian Church of Concord. The defendants are the official board, and as such entitled to the property in question, unless their action in relation to the incorporation of the church was a secession from the original church.

Whether the question of secession is to be regarded as one of fact, or as one of mixed law and fact (*Hale* v. *Everett*, 53 N. H. 9, 80, 106; *Holt* v. *Downs*, 58 N. H. 170, 171; *Cong. Church in Groton* v. *Blood*, 62 N. H. 431), the finding of the court at the trial term that the defendants' "action in reference to incorporation of the church was not such a secession from the original church and forfeiture of membership rights therein as to invalidate the meeting of February 21, 1894," is conclusive. There was evidence upon which the finding could properly be made, and no error of law appearing, it is not open to revision.

*Exception overruled.*

PARSONS, J., did not sit: the others concurred.